IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 3, 2009

## RICKY JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-08-1     Donald H. Allen, Judge**

_____

**No. W2008-00742-CCA-R3-HC  - Filed June 30, 2009**

_____

The pro se petitioner, Ricky Johnson, appeals the circuit court's denial of his petition for writ of habeas corpus.  The state has filed a motion pursuant to Rule 20, Rules of the Court of Criminal Appeals, for this court to affirm the judgment of the circuit court by memorandum opinion.  We grant the motion and affirm the judgment of the court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Ricky Johnson, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie Price, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellant, State of Tennessee.

### OPINION

The petitioner's judgments of conviction reflect that he was convicted by jury of auto burglary and grand larceny on September 8, 1989.  He received concurrent sentences of eight years as a Range II offender.  On January 2, 2008, the petitioner filed a petition for writ of habeas corpus, alleging that his judgments of conviction were void and illegal because he was convicted in violation of the constitutional prohibition against double jeopardy, he was improperly sentenced, and he was improperly denied pretrial jail credit.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. _Taylor v. State_, 995 S.W.2d 78, 83 (Tenn. 1999).  A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the

defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In its motion, the state asserts *inter alia* that the petition was properly denied because the petitioner failed to comply with the mandatory procedural requirements for filing a habeas corpus petition. We agree. In the instant case, the circuit court dismissed the petition because it was not filed in the county nearest the petitioner. The petitioner's habeas petition reveals that the petitioner is incarcerated at the Northeast Correctional Complex in Mountain City, Johnson County, Tennessee. However, the petitioner filed his petition in Madison County rather than in Johnson County where the prison is located. Tennessee Code Annotated section 29-21-105 states that the application for a writ of habeas corpus relief should be made to the court or judge most convenient in point of distance to the applicant unless a sufficient reason is given for not doing so. "Filing with the nearest court or judge generally means the county where the petitioner is being held, unless a sufficient reason is given for not doing so." *Carter v. Bell*, 279 S.W.3d 560, 562-63 (Tenn. 2009). A "habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." *Hickman*, 153 S.W.3d at 21.

Also, as an aside, we note that the petitioner failed to present any evidence that he is currently being restrained of his liberty as a direct consequence of the 1989 convictions. The petitioner was convicted of auto burglary and grand larceny in 1989 and received an effective eight-year sentence. It has been well over eight years since he was sentenced for these convictions and there exists nothing in the record indicating that the petitioner is currently incarcerated or restrained of his liberty as a direct consequence of these 1989 convictions. As such, any argument used to collaterally attack these convictions would be moot. *See, e.g., Benson v. State*, 153 S.W.3d 27, 32 (Tenn. 2004). If the petitioner truly remains incarcerated based on his 1989 convictions, then the petitioner should file a new habeas corpus petition with the proper court and attach evidence substantiating the claim that he is still imprisoned despite the expiration of his eight-year sentence.

Pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals, when the judgment appealed is not a judgment of guilt and no error of law requiring reversal is apparent on the record, this court may affirm the judgment by memorandum opinion rather than by formal opinion. In this case, the judgment denying the petition for writ of habeas corpus was not a determination of guilt and the record does not preponderate against the finding of the trial court. No error of law requiring

a reversal of the judgment is apparent on the record.  Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
J.C. McLIN, JUDGE