IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2008

## LARRY J. NOEL v. JOE EASTERLING, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 08-02-0314     Joseph H. Walker, III, Judge**

**No. W2008-01047-CCA-R3-HC  - Filed March 2, 2009**

The petitioner, Larry J. Noel, appeals the Hardeman County Circuit Court's summary dismissal of his *pro se* petition for the writ of habeas corpus. The petitioner was indicted in 2002 for aggravated assault. On June 7, 2002, he was convicted of the offense of simple assault and sentenced to a term of eleven months and twenty-nine days. In 2008, he filed a *pro se* petition for writ of habeas corpus, alleging that the sentence imposed for "aggravated assault" was illegal because the trial court was without authority to sentence him to a term of eleven months and twenty-nine days for a felony conviction. The habeas corpus court summarily dismissed the petition, finding that the sentence was proper for misdemeanor assault and that the petitioner was not entitled to relief as he was no longer restrained under the challenged sentence. On appeal, the petitioner argues that the habeas corpus court improperly dismissed the petition in contravention of Tennessee Code Annotated section 29-21-110 by failing to address the issue of whether the general sessions court had jurisdiction. Following review of the record, we affirm the summary dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Larry J. Noel, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural History

From the scant record before us, we glean that an affidavit of complaint was filed on May 31, 2002, alleging that the petitioner had committed the offense of aggravated assault. On June 7, 2002, the petitioner pled not guilty to "assault" in the Lauderdale County General Sessions Court. The judgment included in the record does not contain a conviction offense but notes that the

petitioner was sentenced to a term of eleven months and twenty-nine days and, further, that all time be suspended upon payment of costs. On April 11, 2008, the petitioner filed a *pro se* petition for the writ of habeas corpus relief, challenging the general sessions court's authority to sentence him to a term of eleven months and twenty-nine days for "aggravated assault," which is a Class C or D felony. The petition was subsequently dismissed by written order of the habeas corpus court. The petitioner now appeals that summary dismissal.

**Analysis**

On appeal, the petitioner asserts that the habeas corpus court improperly dismissed his petition. The right to seek habeas corpus relief is guaranteed by Article I, section 15 of the Tennessee Constitution. *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). However, the grounds upon which habeas corpus relief will be granted are narrow. *Id.* at 20 (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void or that the term of imprisonment has expired. *Id.* A judgment is void "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant. . . ." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish that it is invalid. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

The petitioner in a habeas corpus proceeding has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. If the petitioner carries this burden, he is entitled to immediate release. *Id.* However, if the habeas corpus petition fails to demonstrate that the judgment is void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing is required, and the trial court may properly dismiss the petition. *Hickman*, 153 S.W.3d at 20 (citing T.C.A. § 29-21-109 (2000); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)).

In its order summarily dismissing the petition, the habeas corpus found:

> [The petitioner] alleges he was convicted in Sessions Court of aggravated assault. However a review of the warrant shows Petitioner was convicted of assault and sentenced to 11 months and 29 days. But that is not the cause of Petitioner's restraint. [The petitioner] was convicted by a Lauderdale County jury of attempted first-degree murder. *See*, *State v. Noel*, 2006 Tenn. Crim. App. LEXIS 614.

> . . . .

. . . The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received. Habeas corpus relief is not appropriate.

On appeal, the petitioner asserts both that the habeas corpus court erred in summarily dismissing his petition and reiterates his argument that the Lauderdale County General Sessions Court lacked authority or jurisdiction. We note, however, that the petitioner, on appeal, has modified his argument with regard to the general sessions court's jurisdiction and acknowledges that he was convicted of simple assault rather than aggravated assault.

With regard to the summary dismissal, the petitioner contends that the habeas corpus court erred because it failed to "address the issue" of whether the general sessions court lacked authority or jurisdiction to impose the sentence in "direct contravention of Tenn. Code Ann. § 29-21-110." We disagree with the facts supporting the petitioner's argument. A reading of the habeas corpus court's order clearly indicates that the issue raised by the petitioner was considered by the court and found to be without merit. The court specifically concluded that "[t]he Criminal Court had jurisdiction or authority to sentence a defendant to the sentence he received" because, contrary to the petitioner's contention, he was not convicted of aggravated assault but, rather, of simple assault. As a sentence of eleven months and twenty-nine days is an appropriate sentence for misdemeanor assault, we find no error in the habeas corpus court's conclusion that the petitioner was not entitled to habeas corpus relief because he failed to establish a void judgment. As such, summary dismissal was proper as the judgment of conviction is valid upon its face. *See Hickman*, 153 S.W.3d at 20.

Moreover, as further found by the habeas corpus court, and argued by the State on appeal, the entire issue of habeas corpus relief is moot as the petitioner's sentence for assault has expired and he was no longer restrained of his liberty based upon that conviction when the petition was filed. He received a sentence of eleven months and twenty-nine days in 2002, thus, indicating the expiration of his sentence in 2003. The instant petition was filed in 2008. As noted by the court, he is currently restrained as a result of an effective twenty-three-year sentence for 2005 convictions for attempted first degree murder, aggravated assault, retaliation for past action, unlawful possession of a weapon, and driving on a revoked license. *State v. Larry J. Noel*, No. W2005-01958-CCA-R3-CD (Tenn. Crim. App., at Jackson, Aug. 4, 2006). Because the sentence for assault had expired, the issue raised by the petition in his habeas corpus petition is moot, and no relief is warranted. *See Benson v. State*, 153 S.W.3d 27, 32 (Tenn. 2004).

**CONCLUSION**

Based upon the foregoing, we affirm the summary dismissal of the petition for writ of habeas corpus relief.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-