IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2010

## MICHAEL T. HENDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Morgan County**
**No. 9056      E. Eugene Eblen, Judge**

_____

**No. E2009-01563-CCA-R3-HC - Filed December 30, 2010**

_____

The State of Tennessee appeals the Morgan County Criminal Court's order granting the petitioner, Michael T. Henderson, partial habeas corpus relief from his Knox County convictions of burglary and larceny. Also on appeal, the petitioner argues in his brief that the habeas corpus court erred in denying a portion of his claims. Following our review we reverse the partial award of habeas corpus relief and affirm the denial of the remaining habeas corpus claims.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in
Part and Reversed in Part**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., J., joined. JOSEPH M. TIPTON, P.J., filed a concurring opinion.

Roland E. Cowden, Maryville, Tennessee, for the appellee, Michael T. Henderson.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Russell Johnson, District Attorney General; for the appellant, State of Tennessee.

### OPINION

On August 14, 1992, the Knox County Criminal Court entered a judgment convicting the petitioner of grand larceny in case number 37243 and of burglary in case number 35050. The court imposed a three-year sentence in case number 35050 and a two-year sentence in case number 37243, to be served consecutively for a total effective sentence of five years. In addition, the judgments for both indicated a probationary period of five years, and both judgments stated that the probation period would expire on August 14, 1997.

Based upon recitations contained in Knox County Criminal Court orders, copies of which were appended to the petition for habeas corpus relief now under review, that court revoked the petitioner's probation in case numbers 37243 and 35050 on February 19, 1993, and placed the petitioner on "the Intensive Supervision Program . . . to expire March 6, 1997."

On November 22, 1993, in case number 50650, the Knox County Criminal Court entered a judgment convicting the petitioner of burglary and sentencing him to four years "on Intensive Supervised Probation . . . to expire March 6, 2001." The judgment further provided that the four-year sentence would run consecutively to case number 37243.

On May 17, 1996, the State obtained a violation of probation warrant in several of the petitioner's cases, including the three identified above. At the June 7, 1999 revocation hearing, the petitioner submitted to the violations, and the record contains orders of the conviction court revoking the petitioner's probation in case numbers 37243 and 35050. The orders did not mention case number 50650 in which the four-year suspended sentence had been imposed.

On April 30, 2001, in case number 67871A, the Knox County Criminal Court entered a judgment convicting the petitioner of attempt to commit first degree murder and imposing a sentence of 15 years to be served in the Department of Correction consecutively to the sentences imposed in case numbers 37243 and 50650. The judgment made no mention of the three-year sentence imposed in case number 35050 but does contain a notation that the petitioner's sentence in that case "shall begin on February 22, 2001."

On April 21, 2004, the petitioner filed a petition for habeas corpus relief claiming that (1) the judgment in case number 37243 was void because it imposed consecutive sentencing but concurrent terms of probation with case number 35050, (2) the judgment in case number 50650 was void because it imposed consecutive sentencing but concurrent terms of probation with case number 37243, and (3) his 1999 probation revocation in case number 35050 was void because the sentence in that case expired before the issuance of the 1996 violation warrant.

The habeas corpus court held that the Knox County Criminal Court, when revoking the petitioner's probation in case numbers 35050, 37243, and 50650, had "sentenced the [d]efendant to a total of five (5) years on the violations of probation then pending." It held that the Tennessee Department of Correction had erroneously determined that the petitioner was serving a nine-year sentence and declared that the effective sentence is five years. The court denied any further relief. The State then appealed.

On appeal, the State claims that the Knox County Criminal Court entered a valid judgment in case number 50650 and that, by its terms, the four-year sentence in that case was imposed to run consecutively with the prior five-year effective sentence. The State also claims that the conviction court effectively revoked the petitioner's probation in case number 50650 when it revoked his probation in case numbers 35050 and 37243. In his responsive brief, the petitioner also argues that the habeas corpus court erred by not granting relief in case numbers 35050 and 37243 on the basis of a sentence illegality.

The writ of habeas corpus is constitutionally guaranteed, see U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, see Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; State v. Galloway, 45 Tenn. 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); see State ex rel. Anglin v. Mitchell, 575 S.W.2d 284, 287 (Tenn. 1979); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the actus reus, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. See Anglin, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); see also Archer, 851 S.W.2d at 164; Passarella, 891 S.W.2d at 627.

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, see generally T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." Summers v. State, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. Id. When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. Id.

## I.  State Appeal: Case Number 50650

In this habeas corpus proceeding, the petitioner did not establish that the Knox County Criminal Court lacked jurisdiction to enter its judgment in case number 50650 on November 22, 1993.  The judgment affirmatively expressed the four-year sentence was to be served consecutively to the two-year sentence in case number 37243 which, in turn, was consecutive to the three-year sentence in 35050.  The total effective sentence was nine years.  We discern no basis for holding that this judgment was void.  Indeed, we cannot even conclude that the habeas corpus court held it to be void.  Thus, we hold that the judgment in case number 50650 is not subject to habeas corpus relief, and on this point the order of the habeas corpus court is reversed.  The judgment imposes a four-year sentence to run consecutively to the earlier effective sentence of five years.

We cannot adjudicate in this habeas corpus appeal the State's claim that the revocation orders entered on June 7, 1999, effectively revoked the petitioner's probation in case number 50650 as well as in case numbers 35050 and 37243.  The Knox County Criminal Court entered separate revocation orders on June 7, 1999, one captioned in case number 37243 and the other in case number 35050.  Although the transcript of the revocation hearing held on that date was captioned under case number 50650, no order adjudicating the revocation warrant in that case appears in the record.  Given the current state of the record, we cannot discern whether the conviction court entered a third revocation order that was captioned in case number 50650.  We note that if the probation in case number 50650 was not revoked, a petition seeking the revocation may still be pending in the conviction court.

## II.  Petitioner's Claims: Case numbers 37243, 35050

In addition to opposing the State's issue on appeal, the petitioner claims that the habeas corpus court erred by denying his bids for relief in case numbers 35050 and 37243.  In the habeas corpus court's final order entered June 24, 2009, the court summarily denied the petitioner's claims with respect to the validity of the judgments in those two cases.  In his brief, the petitioner claims that the judgments in case numbers 35050 and 37243 are void because they order consecutive sentences of three years and two years, respectively, but impose concurrent probationary terms of five years.  He asserts that this sentence is illegal and that he is therefore entitled to habeas corpus relief.

The record on appeal establishes that on June 7, 1999, the Knox County Criminal Court, operating under the auspices of a probation revocation warrant issued in May 1996, revoked the petitioner's probation in both case numbers 35050 and 37243 and ordered that he serve the sentences as originally imposed in TDOC.  The court also granted the petitioner 515 days of jail credit.  Accordingly, beginning his sentence calculation on June 7, 1999, the

petitioner's sentences in both case number 35050 and 37243 would have expired in December 2002, notwithstanding any sentence reduction credits awarded to the petitioner. The petitioner did not file the petition for writ of habeas corpus at issue in this case until April 2004.

The law is well settled that claims for habeas corpus relief are not justiciable where the sentence for the challenged conviction has been served and has expired. See Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004). "The requirement that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions is essentially a requirement of standing to bring an action in habeas corpus and apparently operates independently of the merits of the substantive claim of voidness." Jesse B. Tucker v. Jim Morrow, Warden, No. E2009-00803-CCA-R3-CD, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 1, 2009); see also Benson, 153 S.W.3d at 31 ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."). The petitioner is currently restrained of his liberty by virtue of a sentence that was imposed after those in case numbers 35050 and 37243 and that ordered the sentences served consecutively to the effective five-year term imposed in those cases. Although our supreme court has interpreted the "in custody" requirement "to include consecutive sentences 'in the aggregate, not as discrete segments,'" see May v. Carlton, 245 S.W.3d 340, 343 (Tenn. 2008) (quoting Garlotte v. Fordice, 515 U.S. 39, 47, 115 S. Ct. 1948, 1952 (1995)), we glean that this interpretation applies to the aggregate of sentences imposed at the same time. To hold otherwise would permit a petitioner to petition for habeas corpus relief on sentences long since served and expired so long as any portion of a later-imposed consecutive sentence remained. Such an interpretation would erode the public's interest in the finality of criminal judgments. Cf. Harris v. State, 301 S.W.3d 141, 148-149 (Tenn. 2010) (noting the public's interest in finality of judgment); State v. Mixon, 983 S.W.2d 661, 670 (emphasizing the importance of 'finality to criminal judgments').

Because the petitioner's sentence in the challenged convictions expired prior to the filing of the petition for writ of habeas corpus in this case, he is not entitled to habeas corpus relief in case numbers 35050 and 37243.

## Conclusion

Because the habeas corpus court erroneously awarded partial habeas corpus relief to the petitioner, the judgment of the habeas corpus court awarding that relief is reversed. The

judgment of the habeas corpus court denying relief on the remainder of the petitioner's claims is affirmed.

_____
NORMA MCGEE OGLE, JUDGE