# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTONIO KENDRICK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**Nos. 93-09831, 95-08441, 96-10123   John Colton, Jr., Judge**

---

**No. W2008-01715-CCA-R3-HC   -   Filed March 15, 2011**

---

The petitioner, Antonio Kendrick, appeals the Criminal Court of Shelby County's dismissal of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Antonio Kendrick, Joliet, Illinois, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On September 26, 1997, the petitioner pled guilty to aggravated assault, a Class A felony, in three separate cases: Shelby County case numbers 93-09831, 95-08441, and 96-10123.  He had been charged with aggravated rape in case numbers 93-09831 and 95-08441 and attempted aggravated rape in case number 96-10123.  The petitioner was sentenced as a standard, Range I offender to three years for case number 93-09831, six years for case number 95-08441, and three years for case number 96-10123.  The trial court ordered that these sentences run concurrently to each other and to the sentences in case numbers 92-12034 and 96-11229.  The judgments were entered against the petitioner on October 1, 1997.

The petitioner did not challenge his convictions on direct appeal. On April 7, 2008, he filed a pro se petition for writ of habeas corpus. The petitioner claimed his convictions were void because the charges of aggravated assault were not included in the original indictments. His petition contained the following argument:

> The trial court impermissibly amended the petitioner's indictments to charge offenses the grand jury never returned against him, thereby, making the original indictments void and the convictions void. Therefore, the court had no subject matter jurisdiction to convict the petitioner of an offense not contained in the indictment returned by the grand jury.

The State filed a response to the petition. It argued that the petitioner was not entitled to relief because he already finished serving his sentences. The trial court agreed with the State's argument, and it dismissed the habeas corpus petition. The petitioner filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

> In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted).

-2-

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

As a preliminary matter, the petitioner has requested that we deny the Rule 20 motion and decide the case based on the record and his appellate brief. This request was made pursuant to Rule 29(c) of the Tennessee Rules of Appellate Procedure. The petitioner claims the Rule 20 motion was untimely because it was filed more than thirty days after the filing of his appellate brief. See T.R.A.P. 29(a). The petitioner's brief was filed on November 24, 2008, while the Rule 20 motion was filed on December 31, 2008. As permitted by Rule 29(c), the petitioner submitted a motion on January 13, 2009 to have the case decided based on the record and his appellate brief. We recognize the argument made by the petitioner; however, in the interest of expediting this decision, we choose to suspend the filing requirement and address the Rule 20 motion. See T.R.A.P. (2) ("For good cause, including the interest of expediting decision upon any matter, the . . . Court of Criminal Appeals may suspend the requirements or provisions of any of these rules . . . on its motion and may order proceedings in accordance with its discretion[.]"); see also Rahim Al Zarkani v. David G. Mills, State of Tennessee, No. W2005-01103-CCA-R3-HC, 2006 WL 236935, at *1 (Tenn. Crim. App., at Jackson, Jan. 30, 2006).

In the Rule 20 motion, the State claims we should affirm the trial court's dismissal of the petition for writ of habeas corpus. The trial court found that the petitioner was not entitled to relief because he already served his sentences. Under Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The Tennessee Supreme Court has interpreted this requirement to mean that the challenged judgment must itself restrain the petitioner of his or her freedom of action or movement. Hickman, 153 S.W.3d at 23; see also Benson v. State, 153 S.W.3d 27, 32 (Tenn. 2004). The court in Hickman concluded that "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." Hickman, 153 S.W.3d at 23 ("Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not

a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired."); see also Benson, 153 S.W.3d at 32; May v. Carlton, Warden, 245 S.W.3d 340, 353 (Tenn. 2008). Here, the record shows that the judgments were entered against the petitioner on October 1, 1997. He received an effective sentence of six years, which was not consecutive to any other sentence. The petitioner filed the habeas corpus petition on April 7, 2008. Based on the record presented, the trial court did not err in finding that the petitioner completed his sentences. The petitioner was not "imprisoned or restrained of liberty," as required under section 29-21-101(a). Therefore, the trial court properly denied the petitioner relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE

-4-