# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTONIO KENDRICK v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Shelby County
### No. 92-12034    Robert Carter, Jr., Judge

### No. W2010-02103-CCA-R3-HC  - Filed March 29, 2011

The petitioner, Antonio Kendrick, appeals the Criminal Court of Shelby County's dismissal of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

CAMILLE R. MCMULLEN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Antonio Kendrick, Joliet, Illinois, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted by a jury of rape, a class B felony, and was sentenced as a standard offender to ten years in the Tennessee Department of Correction.  On direct appeal, this Court affirmed the conviction and the sentence.  See State v. Antonio Kendrick, No. 02-C-01-9604-CR-00121, 1997 Tenn. Crim. App. LEXIS 1134 (Tenn. Crim. App., at Jackson, Nov. 5, 1997), perm. to appeal denied (Tenn. July 13, 1998).  The petitioner subsequently filed a petition for post-conviction relief, which was denied.  This Court affirmed the judgment of the post-conviction court.  See Antonio Kendrick v. State, No. W1999-01789-CCA-R3-PC, 1999 Tenn. Crim. App. LEXIS 1289 (Tenn. Crim. App., at

Jackson, Dec. 27, 1999), perm. to appeal denied, (Tenn. Jan. 16, 2001).

On March 17, 2007, the petitioner filed a petition for habeas corpus relief in the Shelby County Criminal Court alleging that the indictment against him was constitutionally insufficient, that the State failed to elect an offense out of the three offenses presented to the Grand Jury, and that the petitioner was denied the right to trial by jury by the State's failure to elect an offense. The trial court denied the petitioner habeas corpus relief, and this Court affirmed the denial of relief. See Antonio Kendrick v. State, W2007-00912-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 97 (Tenn. Crim. App, at Jackson, Feb. 19, 2008), perm. to appeal denied, (Tenn. June 30, 2008).

The petitioner initiated subsequent habeas corpus proceedings, and the trial court again denied the petitioner relief. On appeal, this Court affirmed the judgment of the trial court. See Antonio Kendrick v. State, No. W2008-02808-CCA-R3-HC, 2010 Tenn. Crim. App. LEXIS 129 (Tenn. Crim. App., Jackson, Feb. 12, 2010). While the appeal from the denial of the petitioner's second effort to obtain habeas corpus relief was pending, the petitioner filed a third petition for habeas corpus relief in the Shelby County Criminal Court. The trial court entered an order denying relief due to the pending appeal. The petitioner did not appeal the trial court's order denying his third petition.

Rather, on July 13, 2010, the petitioner filed a "Fourth Petition for Writ of Habeas Corpus Relief." The petitioner alleged that the State's argument of rape by force rather than rape by coercion as alleged in the indictment was an improper "broadening" of the indictment, that the indictment was constitutionally insufficient, and that the petitioner was denied the right to trial by jury by the State's failure to elect an offense. The petitioner's sentence for the rape conviction has expired, and he is currently incarcerated in Joliet, Illinois. The petitioner maintained that the rape convicted affected his sentence for a separate conviction in Illinois. On September 14, 2010, the trial court entered an order denying the petitioner habeas corpus relief. The petitioner filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked

jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

In the Rule 20 motion, the State claims that the petitioner is not entitled to relief because he already served his sentence. Under Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The Tennessee Supreme Court has interpreted this requirement to mean that the challenged judgment must itself retrain the petitioner of his or her freedom of action or movement. Hickman, 153 S.W.3d at 23; see also Benson v. State, 153 S.W.3d 27, 32 (Tenn. 2004). The court in Hickman concluded that "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." Hickman, 153 S.W.3d at 23 ("Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired."); see also Benson, 153 S.W.3d at 32; May v. Carlton, Warden, 245 S.W.3d 340, 353 (Tenn. 2008). In the present case, the record shows that the judgment was entered against the petitioner on December 11, 1995, and that he received a sentence of ten years. The petitioner filed the habeas corpus petition on July

13, 2010. Because the ten-year sentence had expired, the petitioner was not "imprisoned or restrained of liberty," as required under Tennessee Code Annotated section 29-21-101(a). Therefore, the petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE