# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## KEVIN MCFERREN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 89-02763; 90-06016      W. Otis Higgs, Jr., Judge**

---

**No. W2010-02101-CCA-R3-HC  - Filed May 12, 2011**

---

The Petitioner, Kevin McFerren, appeals the Criminal Court of Shelby County's dismissal of his pro se petition for post-conviction relief and petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Kevin McFerren, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On November 19, 1988, the Petitioner was arrested and charged with possession with intent to sell cocaine and possession with intent to deliver cocaine.  On June 6, 1989, while released on bond, the Petitioner was arrested and charged with the sale of a controlled substance.  On November 16, 1989, the Petitioner entered a guilty plea on the November 1988 charges and was sentenced to three years incarceration.  On May 31, 1990, the Petitioner entered a guilty plea to the June 1989 charge and was sentenced to three years incarceration to run concurrent with the prior sentence.

In August 2010, the Petitioner filed a petition for writ of habeas corpus alleging that because he was released on bond at the time of the June 1989 offense, his sentences should have run consecutively rather than concurrently. In August 2010, the Petitioner also filed a post-conviction relief petition challenging both convictions and alleging ineffective assistance of counsel and error by the trial court in failing to inform him that he could appeal the alleged "void judgment." On September 13, 2010, the trial court entered an order denying both petitions. The Petitioner filed a timely notice of appeal.

## Post-Conviction Petition

In 1986, the legislature enacted a three-year statute of limitations for post-conviction petitions. Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995). Thus, the Petitioner was required to file a post-conviction relief petition by November 1992 with regard to the first conviction and by May 1993 with regard to the second conviction. However, the Petitioner waited until August 2010, more than ten years after the convictions, to seek post-conviction relief.

Our supreme court has held that the statute of limitations "is an element of the right to file a post-conviction petition and that is not an affirmative defense that must be asserted by the State." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." Id. The Petitioner has failed to include allegations sufficient to require tolling of the statute of limitations. Accordingly, the trial court did not err in dismissing the petition.

## Petition for Writ of Habeas Corpus

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

In the Rule 20 motion, the State claims that the Petitioner is not entitled to relief because he already served his sentence. Under Tennessee Code Annotated section 29-21-101(a), habeas corpus relief is only available if the petitioner is "imprisoned or restrained of liberty." The Tennessee Supreme Court has interpreted this requirement to mean that the challenged judgment must itself retrain the petitioner of his or her freedom of action or movement. Hickman, 153 S.W.3d at 23; see also Benson v. State, 153 S.W.3d 27, 32 (Tenn. 2004). The court in Hickman concluded that "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." Hickman, 153 S.W.3d at 23 ("Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired."); see also Benson, 153 S.W.3d at 32; May v. Carlton, Warden, 245 S.W.3d 340, 353 (Tenn. 2008).

In the present case, the record reflects that the Petitioner's sentences have expired and that he is currently incarcerated in a federal facility. Therefore, the Petitioner is not "imprisoned or restrained of liberty," as required under Tennessee Code Annotated section 29-21-101(a). Moreover, the Petitioner failed to attach a copy of the judgments and, thus,

failed to comply with the statutory procedural requirements of Tennessee Code Annotated section 29-21-107(b).  Accordingly, the Petitioner is not entitled to habeas corpus relief.

**Conclusion**

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  <u>See</u> Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

-4-