IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 15, 2011

## RICKY JOHNSON, AKA RUSSELL WELLINGTON, #122766 v. HOWARD CARLTON, WARDEN and STATE OF TENNESSEE

Appeal from the Circuit Court for Johnson County
No. 3209    Jean A. Stanley, Judge

No. E2010-00622-CCA-R3-HC - Filed May 19, 2011

The Petitioner, Ricky Johnson, aka Russell Wellington, #122766, appeals the summary dismissal of his second petition for habeas corpus relief from his 1989 convictions for burglary of an automobile and grand larceny. He claimed that his convictions were void because venue in the convicting county was not proved. Because the Petitioner has not shown that he is restrained of his liberty as a direct consequence of these convictions, we affirm the order of the Johnson County Circuit Court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Ricky Johnson, aka Russell Wellington, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; and Anthony Clark, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On September 8, 1989, the Petitioner was convicted by a Madison County jury of burglary of an automobile and grand larceny, and the trial court sentenced him as a Range II, persistent offender to eight years of confinement for each conviction, to be served concurrently. See Ricky Johnson v. State, No. W2008-00742-CCA-R3-HC, 2009 WL 1905391, at *1 (Tenn. Crim. App., Jackson, June 30, 2009); see also State v. Rickey Lee Nelson, No. 02-C-019103-CR-0050, 1991 WL 193776 (Tenn. Crim. App., Jackson, Oct. 2,

1991), perm. to appeal denied, (Tenn. Feb. 24, 1992). On January 2, 2008, the Petitioner filed a petition for writ of habeas corpus alleging that his judgments of conviction were void and illegal because he was convicted in violation of the constitutional prohibition against double jeopardy, was improperly sentenced, and was improperly denied pretrial jail credit. See Johnson, 2009 WL 190591, at *1. The trial court denied the petition, and this Court affirmed the judgment of the trial court. See id. at *2 .

On April 15, 2009, the Petitioner filed the instant petition for habeas corpus relief, his argument substantively being that his judgments are void because the State failed to prove venue at trial, i.e., that the crimes of which he was convicted actually occurred in Madison County. The State moved to dismiss the petition, arguing that the Petitioner failed to show that his current restraint was due to the challenged 1989 convictions or that his judgments were void, rather than merely voidable. The Petitioner replied to the State's motion to dismiss in two pleadings (a motion in rebuttal and a brief), again arguing that evidence was insufficient, that venue had not been proved, and that the convicting court lacked jurisdiction to impose judgment and raising the additional challenges that the State failed to establish the corpus delicti of the crime and that the charging instrument was insufficient. The trial court granted the State's motion and dismissed the petition on March 1, 2010, stating it was of the opinion that the motion was "well-taken and should be granted." This appeal followed. For the first time on appeal, the Petitioner argues that double jeopardy bars his convictions for burglary of an automobile and grand larceny.

**Analysis**

On appeal, the State asserts that the petition was properly dismissed because the Petitioner failed to show that he was being restrained of his liberty as a direct consequence of his 1989 convictions. We agree.

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by

a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101. "The ordinary meaning of the term 'imprisoned' is clear[; it] refers to actual physical confinement or detention," Hickman v. State, 153 S.W.3d 16, 22 (Tenn. 2004), but the meaning of "restrained of liberty" for habeas corpus purposes is less obvious.

Although one need not be in physical confinement to be restrained of one's liberty for purposes of habeas corpus, "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." Hickman, 153 S.W.3d at 23. In Hickman, our supreme court held as follows:

> [A] person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

Id. (footnote ommitted).

We conclude that the Petitioner has not established that he is either imprisoned or restrained of his liberty as a direct consequence of the challenged judgments. In this Court's opinion adjudicating his first habeas corpus appeal, we noted as follows:

> [T]he [P]etitioner failed to present any evidence that he is currently being restrained of his liberty as a direct consequence of the 1989 convictions. The [P]etitioner was convicted of auto burglary and grand larceny in 1989 and received an effective eight-year sentence. It has been well over eight years since he was sentenced for these convictions and there exists nothing in the record indicating that the [P]etitioner is currently incarcerated or restrained of his liberty as a direct consequence of these 1989 convictions. As such, any argument used to collaterally attack these convictions would be moot. See, e.g., Benson v. State, 153 S.W.3d 27, 32 (Tenn. 2004). If the petitioner truly

remains incarcerated based on his 1989 convictions, then the [P]etitioner should file a new habeas corpus petition with the proper court and attach evidence substantiating the claim that he is still imprisoned despite the expiration of his eight-year sentence.

Johnson, 2009 WL 1905391, at *2. The Petitioner still has not alleged that he remains imprisoned or is restrained of his liberty pursuant to the challenged judgments; rather it appears he is seeking relief from the 1989 judgments as a means of reducing the sentence he is currently serving. It appears the direct cause of the Petitioner's restraint is an effective twenty-five-year sentence for his 1991 Shelby County convictions[1] for robbery with a deadly weapon, second degree burglary, and aggravated rape. See Rickey Lee Nelson v. State, No. 02C01-9607-CR-00223, 1998 WL 54975, at *1 (Tenn. Crim. App., Jackson, Feb. 12, 1998).[2] In our view, the delay in the "starting date" of his present sentence due to consecutive sentencing is merely a collateral consequence of the challenged judgments. See, e.g., Decole T. Holt v. State, M2008-00813-CCA-R3-HC, 2009 WL 1676056, at *3 (Tenn. Crim. App., Nashville, June 16, 2009), perm. to appeal denied, (Tenn. Nov. 23, 2009); Jeff Haithcote v. State, No. M2007-01416-CCA-R3-HC, 2008 WL 5082900, at *2-3 (Tenn. Crim. App., Nashville, Nov. 19, 2008). But cf. Michael T. Henderson v. State, No. E2009-01563-CCA-R3-HC, 2010 WL 5550658, at *5 (Tenn. Crim. App., Knoxville, Dec. 30, 2010) (Tipton, J., concurring) (concluding that the petitioner met the "in custody" requirement when he was still serving a consecutive sentence imposed while he was serving the challenged sentence), perm. to appeal denied, (Tenn. Mar. 9, 2011). Neither is he "restrained of liberty" by these judgments which resulted in his Range II classification under the rationale of our supreme court in Hickman. See Robert L. Moore v. Glenn Turner, Warden, No. W2005-01995-CCA-R3-HC, 2006 WL 473725, at *3 (Tenn. Crim. App., Jackson, Feb. 28, 2006); Tony Willis v. Tony Parker, Warden, No. W2004-02063-CCA-R3-HC, 2005 WL 1996637, at *3 (Tenn. Crim. App., Jackson, Aug. 18, 2005). Because the Petitioner's sentence in the challenged convictions expired prior to the filing of this petition for writ of habeas corpus, he is not entitled to habeas corpus relief.

---

[1] In a habeas corpus appeal of these Shelby County convictions, this Court stated that "[t]he trial court imposed an effective sentence of thirty-five years for these convictions on September 21, 1990." Ricky Lee Nelson v. State, No. E2008-00068-CCA-R3-HC, 2008 WL 2219298, at *1 (Tenn. Crim. App., Knoxville, May 29, 2008). The judgment forms for these Shelby County convictions are not included in the record.

[2] In this appeal of denial of his petition for post-conviction relief from the Shelby County convictions, this Court stated that although the appellant was indicted under the name of Rickey Lee Nelson, he is incarcerated for these crimes under the alias of Russell Wellington, #122766. Nelson, 1998 WL 54975, at *1 n.l. For the sake of clarity, we note that Ricky Johnson, Rickey or Ricky Lee Nelson, and Russell Wellington all appear to be the same person.

**Conclusion**

Accordingly, we affirm the Johnson County Circuit Court's summary dismissal of the petition for habeas corpus relief.

_____
DAVID H. WELLES, JUDGE