# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARCUS TERRY, a.k.a MARCUS BENSON, a.k.a. TORIAN BENSON v. TONY PARKER, WARDEN

### Appeal from the Circuit Court for Lake County
### No. 11CR9554    R. Lee Moore, Jr., Judge

### No. W2011-00890-CCA-R3-HC  - Filed December 20, 2011

The Petitioner, Marcus Terry, appeals the Circuit Court of Lake County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's denial pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

CAMILLE R. MCMULLEN,  J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Marcus Terry, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

On May 11, 1986, the Petitioner pled guilt to four counts of larceny and six counts of robbery and received an effective sentence of five years.  On March 6, 1989, he entered a guilty plea to two counts of larceny and one count of aggravated assault and received an effective sentence of three years.  On January 4, 1993, the Petitioner pled guilty to theft of property over $10,000 and was sentenced to four years imprisonment.  On April 23, 1993, he pled guilty to possession of a controlled substance with intent to sell and received an eight-year sentence.  On September 3, 1993, he entered a guilty plea to two counts of possession of a controlled substance and was sentenced to eight years for one count and four

years for the other count. All of the 1993 convictions were ordered to be served concurrently.

On August 17, 1997, the Petitioner was convicted of two counts of vehicular homicide. The trial court found the Petitioner to be a career offender and sentenced him to fifteen years for each conviction. The court ordered the fifteen-year sentences to be served consecutively to each other and another four-year sentence.

In August 2002, the Petitioner filed three separate petitions for writs of habeas corpus challenging the validity of the 1986, 1989, and 1993 convictions. The trial court dismissed the petitions. The Tennessee Supreme Court affirmed the trial court's judgment holding that the challenged convictions and sentences did not constitute a restraint on the Petitioner's liberty for purposes of the habeas corpus statute because the sentences expired before he sought habeas corpus relief. Benson v. State, 153 S.W.3d 27, 32 (Tenn. 2004).

In May 2006, the Petitioner filed a petition for writ of habeas corpus challenging his 1997 convictions for vehicular homicide and his resulting sentence. He maintained the prior convictions relied upon by the trial court in enhancing his sentence were void. The trial court denied the Petitioner's request for habeas corpus relief, and this Court affirmed the trial court's judgment. See Marcus Terry v. Tommy Mills, Warden, No. W2006-01802-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 879 (Tenn. Crim. App., at Jackson, Nov. 20, 2007).

The Petitioner subsequently filed a petition for writ of habeas corpus claiming that his 1997 convictions for vehicular homicide were void because, in his view, the jury instructions as to punishment were erroneous, the sentences were enhanced based upon void prior convictions, and habeas corpus relief was available for sentences that he had completed. The trial court denied the petition, and this Court affirmed the denial. See Marcus Terry v. Tony Parker, Warden, No. W2009-00710-CCA-R3-HC, 2009 Tenn. Crim. App. LEXIS 745 (Tenn. Crim. App., at Jackson, Sept. 3, 2009), perm. to appeal denied (Tenn. Apr. 19, 2010).

In March 2011, the Petitioner filed a petition for writ of habeas corpus challenging his 1997 convictions and sentences for vehicular homicide. He maintained that the sentences were based upon void prior convictions and that the trial court erroneously instructed the jury as to punishment. On March 23, 2011, the trial court entered an order denying the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it

appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 Tenn. Crim. App. LEXIS 282 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

This Court has previously addressed the claims raised by the Petitioner in this appeal and held that he was not entitled to relief. See Marcus Terry, 2009 Tenn. Crim. App. LEXIS 745, at **10-11. The Petitioner's claim relating to the propriety of his classification as a career offender would at most render his sentences voidable, not void. Id. (citing Robert L. Moore v. Glenn Turner, Warden, No. W2005-01995-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 183, at **7-8 (Tenn. Crim. App., at Jackson, Feb. 28, 2006)). Moreover, habeas corpus relief is not available for a claim of erroneous jury instructions. Id. at *10 (citing Bobby A. Davis v. Howard Carlton, Warden, No. E2007-01279-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 64, at **10-11 (Tenn. Crim. App., at Knoxville, Feb. 4, 2008), perm. to appeal denied (Tenn. Apr. 28, 2008)). The trial court properly denied the Petitioner's

petition for writ of habeas corpus.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE