IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 23, 2013

## ANTONIO T. WYATT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 98-A-735     Seth Norman, Judge**

_____

**No. M2012-02521-CCA-R3-HC - Filed July 22, 2013**

_____

Petitioner, Antonio Wyatt, filed a petition for writ of habeas corpus in the court wherein he was convicted. Upon motion of the State, the trial court dismissed the petition without an evidentiary hearing based upon Petitioner's failure to show in the petition "that his judgments are either void or that his sentence has expired." Petitioner timely filed a notice of appeal. Petitioner asserts the judgments are void because the trial court ordered Petitioner to serve the one-year portion of incarceration of a split confinement sentence "day for day 100%" and because the trial court refused to allow Petitioner statutorily mandated pre-trial jail credits. While some of the documents in the record presented by Petitioner indicate irregularities in the judgments which could lead to a determination that the sentencing portions are void, we conclude that Petitioner is not entitled to relief because he is no longer "restrained of his liberty" by the challenged convictions. We therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and NORMA MCGEE OGLE, J., joined.

Antonio Wyatt, _Pro Se_.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The judgments, amended judgments, and petition to enter guilty pleas, and the _pro se_ petition filed by Petitioner reveal the following procedural background. In this proceeding

Petitioner is attacking three convictions for aggravated burglary in Davidson County case number 98-A-735 and one conviction for robbery in Davidson County case number 97-D-2265. On May 21, 1998, pursuant to a negotiated plea agreement, Petitioner pled guilty to the above designated felonies with the agreement to receive a sentence of three years as a Range I offender for robbery and a sentence of four years as a Range I offender for each conviction of aggravated burglary. Other counts of the indictments were retired upon his guilty pleas. The agreement further provided that the four-year sentences for aggravated burglary would be served concurrently with each other, but the three-year sentence for the robbery conviction would be served consecutively to the effective sentence of four years for the aggravated burglaries. Thus, the total effective sentence was seven years. The petition to enter guilty pleas, signed by Petitioner, his counsel, and the assistant district attorney, includes language that indicates the manner of service of sentences upon the pleas of guilty was to be determined "with [a] sentencing hearing." From the judgment, it appears that the sentencing hearing was held two months later on July 22, 1998. The judgments accurately reflect the length of sentences and the concurrent/consecutive disposition set forth in the plea agreement.

The manner of service of the sentences ordered by the trial court appears as follows from the judgments. The total effective sentence of seven years was ordered to be served in split confinement, with one year incarceration in the CCA facility in Davidson County, "100% beginning July 22, 1998," followed by six years on probation, the first two of which would be on "intensive probation" and the last four on "supervised probation." Also, on all four of the judgments, in the section designated for pretrial jail credits, the following is provided, with the handwritten portion in bold print:

Pretrial Jail Credit Period: from **no jail credit per Judge Norman** or Number of Days: **0**

According to his habeas corpus petition, Petitioner was incarcerated for a full year and was released on probation in July 1999 in accordance with the judgments. While on probation, Petitioner was charged with three new offenses: one count of robbery and two counts of aggravated burglary. A probation violation warrant was issued, and his probation was revoked in all four cases. "Amended" judgments reflecting the revocation of probation were signed by the trial court on June 14, 2000. Each amended judgment orders that probation was revoked "and the previously imposed judgement [sic] is placed into effect." Interestingly, the amended judgments for two of the aggravated burglary convictions award jail credit from January 5, 2000 to June 14, 2000. The amended judgment for the third aggravated burglary conviction awards jail credit from June 25, 19**97** to July 7, 19**97** (*prior* to entry of the original judgment of conviction in July 1998), and from **February 3,** 2000 to

June 14, 2000. The amended judgment for the conviction for robbery has the identical award for jail credits in 1997 and from 2000.

Of particular concern is the fact that none of the amended judgments provides jail credit for the one year served by incarceration of Petitioner between July 1998 and July 1999 after he pled guilty. The amended judgments do not specifically limit the balance of the sentence to be served by Petitioner to the six years originally designated to be on probation. The amended judgments, rather, in pre-printed form state "the previously imposed judgement is placed into effect."

In its brief on appeal the State does not address Petitioner's assertions that the judgments are void because pre-trial jail credits were specifically not allowed by the sentencing judge and because the incarceration portion of the split confinement sentence was ordered to be "serve[d] 1 year DFDC 100%." The State relies solely on its argument that Petitioner's seven-year sentence has been served, and even though he remains incarcerated serving sentences for other convictions, he is not imprisoned or restrained of his liberty by the judgments he attacks in his habeas corpus petition.

Regarding service of a sentence by split confinement following a violation of conditions imposed in a community corrections sentence, a panel of this court has held that

> Where a period of confinement is imposed, an order of day-for-day service
> is impermissible because a trial court cannot deny a defendant *the statutory
> right* to earn good conduct credits or authorized work credits where the
> defendant receives a sentence of incarceration in the county jail as part of
> a community corrections sentence.

*State v. Frank D. Grundy*, No. M2003-02775-CCA-R3-CD, 2005 WL 119538, at *1 (Tenn. Crim. App. Jan. 20, 2005), *no perm. app. filed* (citations omitted) (emphasis added).

Also, in *State v. Richard Daniel Filauro*, No. M2002-02186-CCA-R3-CD, 2004 WL 840084 (Tenn. Crim. App. April 16, 2004), *no perm. app. filed*, a panel of this court held that the granting of pretrial jail credits is mandated by statute, Tennessee Code Annotated section 40-23-101(c), and thus a judgment where the defendant waived his right to pre-trial jail credits pursuant to a negotiated plea agreement imposed an illegal sentence in direct contravention of the statute. *Id*. at *5.

We glean from the petition and Petitioner's assertions in his brief that his theory for relief is that he was illegally denied pretrial jail credits by order of the sentencing judge and institutional statutorily authorized good behavior and other credits by the provision in the

judgments which mandated "100%" service of the one year of incarceration. Petitioner claims that as a direct result thereof, his credit for jail time on his subsequently obtained convictions was significantly delayed by almost two years.

The State correctly points out that even if Petitioner had been erroneously required to "flatten out" the entire effective sentence of seven years beginning on June 14, 2000 (which Petitioner does not allege), the sentence for the judgments challenged in the habeas corpus proceeding would have been served no later than mid-June, 2007, long before the petition for habeas corpus relief was filed in this case on October 1, 2012.

In his petition, Petitioner states that the "new" offenses he committed, while on probation pursuant to the judgments challenged herein, led to an additional effective sentence of twelve years after convictions on October 2, 2000, for two additional counts of aggravated robbery and one additional count of robbery. Furthermore, as to the judgments herein attacked, Petitioner states in his petition that he completed service of his sentence for the three convictions of aggravated burglary in case number 98-A-735 on June 2, 2002, and he completed service of his sentence for robbery (ordered to be served consecutively to the aggravated burglaries) in case number 97-D-2265 on August 20, 2004.

**Analysis**

Since the determination of whether habeas corpus relief should be granted is a question of law, *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000), our review is de novo with no presumption of correctness given to the findings and conclusions of the trial court. *State v. Livingston*, 197 S.W.3d 710, 712, (Tenn. 2006). *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). As pertinent to the case *sub judice*, habeas corpus relief is not available if the judgment is merely *voidable*; habeas corpus relief is available only if the judgment is *void*. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). It is well settled that a judgment is void only when it appears from the judgment or the proceedings from which the judgment was entered that the convicting court did not have the authority or jurisdiction to sentence the petitioner. *Id*. Also, if a sentence imposed that is in direct contravention of a statute, then the sentence is illegal and void. *Id*.

In *Summers*, our supreme court noted,

> A trial court may correct an illegal or void sentence at any time. *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005). A habeas corpus petition, rather than a motion to correct an illegal sentence, is the proper procedure for challenging an illegal sentence. *Id.*

* * *

> However, a petitioner is not restrained of liberty unless the challenged judgment itself imposes a restraint on the petitioner's freedom of action or movement. [*Hickman*] at 23. **Habeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served.** *Id*. at 23-24.

*Summers*, 212 S.W.3d at 256-57 (emphasis added).

We acknowledge that our supreme court in *Summers* rejected the State's argument that the petitioner's misdemeanor escape conviction had already been served and therefore the habeas corpus issue was moot. In *Summers*, the petitioner was convicted as a result of a nolo contendere plea to voluntary manslaughter (with a six-year sentence), aggravated arson (with a twenty-three-year sentence), and sale of cocaine (with an eleven-year sentence). These sentences were ordered to be served consecutively to each other for an effective sentence of forty years. He also pled guilty to misdemeanor escape and received a sentence of eleven months and twenty-nine days, to be served *concurrently* with the felony sentences. The convictions occurred on October 25, 1991 and the petitioner filed a petition for habeas corpus relief in September 2004. He alleged "that he was being held for the other charges when he escaped and that the trial court therefore lacked jurisdiction to order the escape sentence to be served concurrently with the other sentences." *Summers*, 212 S.W.3d at 255. In rejecting the State's argument the court said,

> The State contends that, like [the petitioner in *Hickman*], Summers is no longer imprisoned or restrained of liberty by the escape judgment because the sentence of eleven months and twenty-days [sic] was served or expired many years prior to his filing the habeas corpus petition. We would agree with the State's argument if all of the **sentences imposed for these challenged convictions** were served and expired before Summers filed his habeas corpus petition.

*Summers*, 212 S.W.3d at 257 (emphasis added).

Since the petitioner in *Summers* had not served *all* of the sentences which he was attacking, the issue was not moot. The supreme court cited *Benson v. State*, 153 S.W.3d 27, 32 (Tenn. 2004), where a petitioner was convicted by guilty pleas to several offenses in 1993. The total effective sentence was eight years. The petitioner did not file for habeas corpus relief attacking illegal sentences until 2002. The court in *Benson* held that the petitioner was not restrained of his liberty or imprisoned, and therefore he was not entitled to habeas corpus

relief because "the sentences complained of were served and expired before [Benson] filed a habeas corpus petition to challenge them." *Summers*, 212 S.W.3d at 258 (citing *Benson*, 153 S.W.3d at 32).

In conclusion, the record in this case clearly shows that Petitioner had already served the sentences in the judgments he attacks in his habeas corpus petition at the time he filed his petition in 2012. Under *Hickman*, *Benson*, and *Summers*, he is not entitled to relief in this appeal. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE