# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 2004 Session

## TORIAN BENSON a.k.a. MARCUS TERRY a.k.a. MARCUS BENSON v. STATE OF TENNESSEE

**Appeal by permission from the Court of Criminal Appeals,
Lake County Circuit Court
No. 02-CR-8340     Lee Moore, Judge**

---

**No. W2002-02756-SC-R11-CO - Filed December 16, 2004**

---

This case comes before us on petitions for habeas corpus relief. Although several arguments are raised on appeal, the dispositive issue presented is whether the petitioner is "imprisoned or restrained of liberty" by the challenged judgments and thus eligible to seek habeas corpus relief, when the petitioner's sentences expired prior to filing for relief. We hold that he is not. The petitioner was convicted of numerous criminal offenses from 1986 to 1993. In 2002, the petitioner filed three *pro se* habeas corpus petitions challenging the validity of these convictions. The trial court dismissed the petitions. Upon appeal to the Court of Criminal Appeals, the dismissal of the petitions was affirmed. In addition to affirming the trial court's initial findings, the intermediate court also held that the petitioner was ineligible for habeas corpus relief because he was currently incarcerated on unrelated charges and thus had no standing to claim he was being illegally restrained by the challenged convictions. For the reasons stated herein, we affirm the judgment of the Court of Criminal Appeals. Applying the rule recently announced in Hickman v. State, — S.W.3d — (Tenn. 2004), we hold that the petitioner is not currently "imprisoned or restrained of liberty" by the challenged convictions because they expired prior to his filing for relief; therefore, he is not entitled to habeas corpus relief.

### Tenn. R. App. P. 11 Application for Permission to Appeal;
### Judgment of the Court of Criminal Appeals Affirmed

WILLIAM M. BARKER, J., delivered the opinion of the court, in which the panel of FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ., concurred.

Ronald D. Krelstein, Germantown, Tennessee, for the appellant, Torian Benson.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; and J. Ross Dyer, Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

On May 11, 1986, the petitioner pled guilty in Shelby County Criminal Court to four counts of larceny and six counts of robbery. The petitioner was sentenced to three years imprisonment for each larceny count and five years for each robbery count. All sentences were ordered to be served concurrently, resulting in an effective sentence of five years. On March 6, 1989, the petitioner entered guilty pleas to two counts of larceny and one count of aggravated assault. He was sentenced to three years for each count, all to be served concurrently, for an effective total sentence of three years.

On January 4, 1993, the petitioner entered a guilty plea to one count of theft of property over $10,000 and was sentenced to four years imprisonment. On April 23, 1993, the petitioner pled guilty to unlawful possession of a controlled substance with intent to sell and was sentenced to a term of eight years. On September 3, 1993, the petitioner pled guilty to two counts of possession of a controlled substance and received an eight-year sentence for one count and a four-year sentence for the other. All of the 1993 convictions were ordered to be served concurrently.

On April 17, 1997, the petitioner was found guilty of two counts of vehicular homicide and sentenced to a term of fifteen years for each count. Based upon the petitioner's prior convictions, the trial court found the petitioner to be a "career offender."[1] Under the sentencing guidelines, this designation required the court to impose the maximum sentence for felony offenses,[2] which in the case of vehicular homicide was fifteen years.[3] The trial court ordered both fifteen-year sentences to be served consecutively, not only with each other but also with another four-year sentence. Therefore, the petitioner is currently serving an effective sentence of thirty-four years imprisonment for these latest crimes.

On August 26, 2002, the petitioner, acting *pro se*, filed three separate petitions for writs of habeas corpus challenging the validity of the 1986, 1989 and 1993 convictions.[4] The petitioner

---

[1] See Tenn. Code Ann. § 40-35-108 (2003).

[2] Tenn. Code Ann. § 40-35-108(c) (2003).

[3] Vehicular homicide is a Class C felony. Tenn. Code Ann. § 39-13-213(b) (2003). The applicable sentencing ranges allow a maximum sentence of fifteen years for a Class C felony. Tenn. Code Ann. § 40-35-112(c)(3) (2003).

[4] The petitions at issue in the present case were filed in Lake County Circuit Court. The petitioner had previously filed two other habeas corpus petitions in 1999 in Shelby County Criminal Court, challenging the legality of his concurrent sentences. By order dated December 13, 1999, the Shelby County Criminal Court dismissed the petitions, finding that the petitioner had failed to attach copies of the judgment sheets to the petitions, as required. The court further found that the petitions should be treated as petitions for post-conviction relief and, as such, had not been timely
(continued...)

raises several arguments in these petitions, which are the focus of the present action. With respect to the 1986 convictions, the petitioner argues that the criminal informations[5] charging the crimes are fatally defective. Specifically, the petitioner alleges that the larceny informations are defective because they fail to state the value of the property taken and also the degree of larceny. The robbery informations are alleged to be defective because they do not state that the goods were taken against the victim's will. Therefore, the petitioner argues that the trial court was without jurisdiction to accept guilty pleas to these defective instruments. Regarding the 1989 convictions, the petitioner asserts that the aggravated assault indictment actually charged an attempted assault, contradicting the applicable statute which makes any attempt to cause serious bodily harm the completed offense of aggravated assault. The petitioner asserts, therefore, that the defective indictment did not properly charge a crime, and the guilty pleas he entered to each of the charges at that time should be nullified.

As to the 1993 convictions, the petitioner challenges the legality of the concurrent sentences imposed by the trial court. He alleges that three of these offenses were committed while he was free on bond. Therefore, pointing to Tennessee Code Annotated section 40-20-111(b) (2003) and Tennessee Rule of Criminal Procedure 32, the petitioner argues that the trial court was required to impose consecutive rather than concurrent sentences.[6] Because these sentences were illegally imposed, the petitioner avers that they are void and that he should be allowed to withdraw his guilty pleas. The end result, according to the petitioner, is that because the sentences he is currently serving for vehicular homicide were illegally enhanced by use of these void prior convictions, he should be entitled to re-sentencing in the vehicular homicide cases.

In these habeas corpus petitions, the petitioner requested court-appointed counsel. However, upon reviewing the petitions, the trial court summarily dismissed them without appointing counsel or holding a hearing. The court found that the challenged charging instruments complied with Tennessee Code Annotated sections 40-13-201 and 40-13-202 and therefore were valid. Further, the court found that petitioner's claim regarding the legality of his concurrent sentences was not cognizable in a habeas corpus proceeding because while the challenged judgments may have been

---

[4] (...continued)
filed within the applicable statute of limitations.

[5] An "information" is a written statement by a district attorney general that charges a person with a crime. Tenn. Code Ann. § 40-3-103(b) (2003). Article I, section 14 of the Constitution of Tennessee provides that "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment." However, if represented by an attorney, a defendant may waive this right and consent to prosecution by information. Tenn. Code Ann. § 40-3-101 (2003).

[6] Tennessee Code Annotated section 40-20-111(b) (2003) states:
> In any case in which a defendant commits a felony while such defendant was released on bail . . . and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively.

Tennessee Rule of Criminal Procedure 32(3)(C) sets forth the same requirement of consecutive sentences when a felony is committed while the defendant is on bail and is subsequently convicted of both offenses.

voidable, they were not void. Therefore, the proper avenue to attack these sentences was through a petition for post-conviction relief. The court also noted that the petitioner was currently serving a sentence on other unrelated charges. The Court of Criminal Appeals affirmed the trial court's denial of habeas corpus relief. Along with affirming the trial court's initial findings, the intermediate court, citing State v. Bomar, 381 S.W.2d 287, 289 (Tenn. 1964), also held that habeas corpus relief was not available because the petitioner was not eligible for immediate release as he was currently incarcerated on charges unrelated to those challenged in the petitions.

We granted the petitioner's application to appeal and now, for the reasons stated herein, affirm the judgment of the lower courts dismissing the habeas corpus petition.

### STANDARD OF REVIEW

Whether a petitioner should be granted habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). Therefore, our review of a denial of habeas corpus relief is *de novo*, with no presumption of correctness accorded to the lower court's judgment. Id.

### ANALYSIS

The writ of habeas corpus, often referred to as the Great Writ, is a high prerogative writ furnishing an extraordinary remedy to secure the release by judicial decree of persons illegally restrained of their liberty. See, e.g., Withrow v. Williams 507 U.S. 680, 697-98 (1993); State v. Newell, 391 S.W. 2d 667, 670 (Tenn. 1965). Article I, section 15 of the Tennessee Constitution protects the right to seek habeas corpus relief, providing that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Although developed through the common law, modern habeas corpus practice in Tennessee is regulated largely by statute. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000). The procedural requirements of the habeas corpus statutes are "mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Accordingly, the grounds upon which habeas corpus relief may be granted are quite narrow. Id. at 630; McLaney, 59 S.W.3d at 92 (Tenn. 2001).

A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be "imprisoned or restrained of liberty" by the challenged convictions.[7] The phrase "restrained of liberty" has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city. See Hickman v. State, — S.W.3d — (Tenn. 2004). However, in Hickman, this Court further analyzed the scope of this phrase, holding:

---

[7] Tennessee Code Annotated section 29-21-101 (2000) sets forth the statutory right to file a petition for writ of habeas corpus and provides: "Any person imprisoned or restrained of liberty, under any pretense whatsoever, [excluding petitioners restrained by virtue of federal process], may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint."

[A] person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

Id.

The petitioner in Hickman had been convicted in 1986 of possession of marijuana and received a ten-day suspended sentence. Several years later, Hickman challenged the validity of the 1986 conviction by filing for habeas corpus relief. Hickman sought to have the prior conviction set aside so that it could not be used against him in another pending criminal proceeding. This Court held, among other things, that because Hickman was not currently serving the challenged sentence, he was not imprisoned or restrained of liberty by it. Consequently, he was not eligible for habeas corpus relief. Use of the prior conviction to enhance a later sentence was "merely a collateral consequence" of the challenged conviction and did not provide sufficient grounds for habeas corpus relief.

Turning to the case presently under review, we find that, as in Hickman, the petitioner is not currently imprisoned or restrained of liberty by the challenged convictions. All of the sentences imposed for the petitioner's challenged convictions had already been served prior to the filing of his habeas corpus petitions in 2002. Even assuming that these prior convictions were used to enhance the sentences he is currently serving, Hickman makes clear that this is not an adequate basis for habeas corpus relief to be granted.[8] The sentences complained of were served and expired before the petitioner filed a habeas corpus petition to challenge them, therefore, he is not presently "imprisoned or restrained of liberty" by any of the challenged convictions. Accordingly, the petitioner is not entitled to habeas corpus relief.

## CONCLUSION

In summary, we hold that use of the petitioner's challenged prior criminal convictions to enhance the sentence he is currently serving does not provide adequate grounds to grant habeas corpus relief. The challenged convictions and sentences expired prior to his filing for habeas corpus relief, therefore they do not comprise a restraint on the petitioner's liberty for purposes of the habeas corpus statute. Accordingly, the petitioner is not entitled to habeas corpus relief. The judgment of the Court of Criminal Appeals is affirmed.

---

[8] This appeal was granted prior to our decision in Hickman. As previously noted, in the habeas corpus petitions at issue in the present case the petitioner argues that the 1986 and 1989 convictions are void due to infirmities in the charging instruments and that the 1993 judgments should be nullified because the concurrent sentences imposed were illegal. However, in reaching our decision today, we need not address the propriety of these arguments because, in light of our holding in Hickman, these issues are rendered moot.

It appearing from the record that the petitioner is indigent, costs of this appeal are taxed to the State of Tennessee.

_____
WILLIAM M. BARKER, JUSTICE