# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARCUS TERRY AKA MARCUS BENSON AKA TORIAN BENSON v. TOMMY MILLS, WARDEN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 95-08630; 95-08631    James C. Beasley, Jr., III, Judge**

---

**No. W2006-01802-CCA-R3-HC  - Filed November 20, 2007**

---

The Petitioner, Torian Benson,[1] appeals the lower court's denial of his petition for habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  As we conclude that the Petitioner has failed to allege a claim upon which habeas corpus relief may be granted, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES,  J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Torian Benson, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On May 11, 1986, the Petitioner, Torian Benson, pled guilty in Shelby County Criminal Court to four counts of larceny and six counts of robbery. For these offenses, he received a sentence of three years imprisonment for each larceny count and five years for each robbery count. *See*

---

[1]While acknowledging the Petitioner's numerous aliases in the caption of this matter, we elect to identify the Petitioner by the name submitted on pleadings to this Court in this appeal.

*Benson v. State*, 153 S.W.3d 27, 29 (Tenn. 2004). All sentences were ordered to be served concurrently, resulting in an effective sentence of five years. On March 6, 1989, the Petitioner entered guilty pleas to two counts of larceny and one count of aggravated assault. He was sentenced to three years for each count, all to be served concurrently, for an effective total sentence of three years.

On January 4, 1993, the Petitioner entered a guilty plea to one count of theft of property over $10,000 and was sentenced to four years imprisonment. On April 23, 1993, the Petitioner pled guilty to unlawful possession of a controlled substance with intent to sell and was sentenced to a term of eight years. On September 3, 1993, the Petitioner pled guilty to two counts of possession of a controlled substance and received an eight-year sentence for one count and a four-year sentence for the other. All of the 1993 convictions were ordered to be served concurrently.

On April 17, 1997, the Petitioner was found guilty of two counts of vehicular homicide and sentenced to a term of fifteen years for each count. Based upon the petitioner's prior convictions, the trial court found the Petitioner to be a "career offender." Under the sentencing guidelines, this designation required the court to impose the maximum sentence for felony offenses, which in the case of vehicular homicide was fifteen years. The trial court ordered both fifteen-year sentences to be served consecutively, not only with each other but also with another four-year sentence. Therefore, the Petitioner is currently serving an effective sentence of thirty-four years imprisonment for these latest crimes. *Id.* The Petitioner is currently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

In May 2006, the Petitioner filed an application for the issuance of the writ of habeas corpus in the Shelby County Criminal Court.[2] The petition challenged the Petitioner's convictions and sentences for his April 1997 convictions for vehicular homicide. Specifically, the Petitioner claimed that "[t]he two consecutive range III fifteen year sentences currently being served by Petitioner are illegally enhanced by reliance upon void prior convictions, in violation of Petitioner's right to due process of law granted him by article I, § 8 of the Tennessee Constitution." He argued that:

> The reality here is that Petitioner is being illegally restrained of liberty by virtue of his prior convictions because without using such prior convictions as enhancements, Petitioner's current sentence, two consecutive Range III fifteen year sentences at 60%, would be reduced, at most, to two consecutive range I sentences at 30%. Under his current sentence, Petitioner is not eligible for release consideration until he has served 60% of a thirty year sentence, 18 calendar years.

---

[2] The Petitioner asserted that the petition was being filed in the Shelby County Criminal Court, rather than in the Lake County Circuit Court, in order to prevent needless waste of judicial resources because if he were successful in the Lake County Circuit Court, his case would still have to be remanded to the Shelby County Criminal Court for further action. The Petitioner also stated that the Shelby County Criminal Court has possession of all records pertinent to his habeas corpus claim.

If the prior convictions are illegal and can not be used to enhance Petitioner's current sentence, Petitioner becomes eligible for release consideration after serving 30% of a twelve year sentence, 3.6 years. . . . But for these prior convictions, Petitioner, who has already served eleven (11) calendar years less sentence credits, would have already served the 3.6 years required under the range I sentencing scheme.

To support his claim, the Petitioner challenged the underlying convictions. The Petitioner claimed that his 1986 guilty pleas to larceny and robbery were void because the informations failed to charge an offense. Specifically, he argued that the larceny informations failed to allege the value of the property stolen. Similarly, he argued that the robbery informations were flawed because an essential element of the offense was not alleged, *i.e.*, "against their will." The Petitioner further stated that his 1989 convictions were void because the indictment failed to charge the offense of aggravated assault. Rather, he argued that the indictment alleged an "attempt to attempt" an assault. Finally, the Petitioner alleged that his 1993 convictions were void because the trial court imposed concurrent sentences, instead of consecutive sentences, even though the Petitioner committed these offenses while on bail.

On July 20, 2006, the trial court denied the Petitioner's request for habeas corpus relief. In so doing, the lower court found:

> . . . All of the defendant's complaints deal with his assertion that his convictions in the past are void for various reasons. A review finds that this is not the case and in fact all of his negotiated guilty pleas were freely and voluntarily entered by the defendant with full knowledge of the charges and the contents of the Indictments and Informations. Any arguments as to the validity of the charges or the wording of the charging instruments was waived upon a valid guilty plea. The Statute of Limitations for post-conviction relief has long since run on all of his contested pleas. Further, he complains about a particular plea to concurrent sentences when he alleges that they should have been run consecutive. These issues were previously determined to be without merit by the trial court in the previous proceeding in 1999. A review of the entire record indicates that the defendant/petitioner has failed to make a colorable claim on which any relief can be granted.

The determination of whether to grant habeas corpus relief is a question of law. *Summers v. State,* 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is

rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

It is well-settled that "habeas corpus relief is not available for expired sentences that are used solely to enhance a subsequent conviction." *See Paul Wilson v. Stephen Dotson, Warden*, No. W2005-02317-CCA-R3-HC (Tenn. Crim. App., at Jackson, May 4, 2006), *perm. to appeal denied*, (Tenn. Sept. 25, 2006). Indeed, in *Hickman v. State*, 153 S.W.3d 15, 23 (Tenn. 2004), our supreme court explained:

> A person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint on liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

Additionally, it appears that our supreme court has already rejected the complaints currently made by the Petitioner in *Benson v. State*, in which the supreme court held "[t]he sentences complained of were served and expired before the petitioner filed a habeas corpus petition to challenge them."[3] 153 S.W.3d at 32. We are unable to distinguish the present challenge to either the supreme court's previous ruling in *Benson* or the supreme court's precedent established in *Hickman*. Indeed, we decline the Petitioner's invitation to stray from the holding in *Hickman*. The lower court properly denied habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is

---

[3]In *Benson*, the Petitioner challenged the validity of his 1986, 1989 and 1993 convictions. 153 S.W.3d at 29. Specifically, the Petitioner alleged that, with respect to the 1986 convictions, the larceny informations are defective because they fail to state the value of the property taken and the degree of larceny. Additionally, he argued that the robbery informations were defective because they did not state that the goods were taken against the victim's will. *Id.* at 30. Regarding the 1989 convictions, the Petitioner argued that the aggravated assault indictment actually charged an attempted assault. *Id.* Finally, as to the 1993 convictions, the Petitioner challenged the legality of the concurrent sentences imposed by the trial court. *Id.*

4

rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.


_____
DAVID G. HAYES, JUDGE