IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2011

## KERRY CHEARIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Fayette County**
**Nos. 4328, 4431, 4432      Weber McGraw, Judge**

_____

**No. W2010-01849-CCA-R3-CD  - Filed July 20, 2011**

_____

The petitioner, Kerry Chearis, appeals the summary dismissal of his petition for writ of
habeas corpus, alleging that his convictions are void.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE
OGLE and ALAN E. GLENN, JJ., joined.

Kerry Chearis, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney
General; and D. Michael Dunavant, District Attorney General, for the appellee, State of
Tennessee.

**OPINION**

Initially, it is not entirely clear which of the petitioner's previous convictions
he seeks to challenge in this collateral attack.  The petitioner's original motion, styled
"Motion to Vacate Illegal Sentence," indicates that it is a challenge to the convictions in case
numbers 4328, 4431B, and 4432 but includes offense dates that do not align with the
offenses charged in those cases.[1]  The record establishes that in case number 4328, the
petitioner pleaded guilty in December 1996 to three counts of delivery of cocaine in
exchange for a total effective sentence of three years' incarceration; that the charges in case
number 4431 were dismissed by the State on July 7, 1997; and that in case number 4432, the

_____

[1]Despite the style of the original motion, it is clear from the content of the motion and the petitioner's
brief on appeal that he is, in fact, seeking habeas corpus relief.

petitioner pleaded guilty in August 1997 to a single count of possession with intent to sell .5 grams or more of cocaine in exchange for a sentence of 16 years' incarceration. In his original motion and on appeal, the petitioner challenges convictions with offense dates of March 30, 2006; April 9, 2006; April 10, 2006; April 12, 2006; and May 5, 2006. Although the petitioner alleges that "the judgment sheets, within the confines of the indictments, and/or as part of the recorded record" contain the 2006 offense dates, no judgments containing any 2006 offense dates appear in the record. Accordingly, it is impossible to discern which convictions are being challenged by the motion or on appeal.

Moreover, to the extent that the petitioner is, in fact, attempting to mount a challenge in case numbers 4328 and 4431, his claim is barred because he is not restrained of his liberty by virtue of either of these cases. The record establishes that the three-year incarcerative sentence imposed in case number 4328 in 1996 has been served and has expired. All charges against the petitioner in case number 4431 were dismissed with prejudice. Because restraint on liberty is a threshold requirement to the pursuit of habeas corpus relief, *see Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004) ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be 'imprisoned or restrained of liberty' by the challenged convictions."), summary dismissal of the petition for writ of habeas corpus as to these case numbers was appropriate.

With regard to the petitioner's habeas corpus claims in case number 4432, we note that the petitioner has failed to comply with the statutory requirements for seeking habeas corpus relief. Namely, the petitioner has failed to attach to his original pleading copies of the relevant judgments, *see* T.C.A. § 29-21-107(b)(2), and failed to file the pleading in the court "most convenient in point of distance" to the petitioner, *see id.* § 29-21-105. Summary dismissal was warranted on these procedural grounds alone.

Finally, the claim raised by the petitioner, that the arresting officers "effectively and legally became accomplices" in the offenses when they failed to arrest him after the first of a series of controlled buys, is not a cognizable ground for habeas corpus relief. The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *See State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Failure to state cognizable grounds for habeas corpus relief also justified the summary dismissal in this case.

For the foregoing reasons, the judgment of the circuit court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE