# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 9, 2014

## CRAIG BEENE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 4664      Steve R. Dozier, Judge**

_____

### No. M2013-02318-CCA-R3-HC - Filed May 13, 2014

_____

The pro se petitioner, Craig Beene, appeals the summary dismissal of a petition for habeas corpus relief. Petitioner alleges he did not enter a knowing and voluntary guilty plea. The habeas court found he had litigated this issue in his post-conviction hearing, and it was not a proper subject for habeas corpus relief. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE H. WALKER, III, SP.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Craig Lamonte Beene, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; and Victor S. Johnson, III, District Attorney General; for the appellee, State of Tennessee.

## OPINION

In September 2004, the Petitioner pled guilty to and was convicted of attempted first-degree murder, especially aggravated kidnapping, and aggravated assault. Pursuant to a plea agreement, the Petitioner was sentenced to seventeen years imprisonment.

He filed the instant petition for habeas relief in August 2013, with a supplement in September, alleging that he was unable to enter a knowing and voluntary guilty plea due to medications he alleges he was administered while in the Dickson County jail. The habeas court filed a summary dismissal, finding the Petitioner had litigated this issue at a post-

conviction hearing, and it was not a proper subject for habeas corpus relief.

**History of Litigation**

In 2004, a trial commenced on five charges: attempted first-degree murder, *see* Tenn Code Ann. § 39-13-202 (2010); two counts of aggravated assault, *see id.* § 39-13-102; especially aggravated kidnapping, *see id.* § 39-13-305; and reckless endangerment, *see id.* § 39-13-103. At trial, the victim testified about the events at issue and authenticated the audio tape of the 911 call, which recorded a significant portion of the crimes in "real time." This audio tape, which was played for the jury, captured several conversations, including the Petitioner's threats to kill the victim. It also recorded the victim's child screaming in fear and pleading, "Don't kill her." The tape also captured what sounded like two gunshots.

After the victim's testimony, but before cross-examination, the court recessed for a lunch break. Upon conclusion of the lunch break, the Petitioner indicated he wished to accept a plea agreement and enter guilty pleas. Pursuant to a negotiated plea agreement, the Petitioner pled guilty to attempted first-degree murder, especially aggravated kidnapping, and one count of aggravated assault in exchange for an agreed sentence of seventeen years. Petitioner filed for post-conviction relief, which was denied after a hearing. The denial was affirmed on appeal. *See Craig Lamont Beene* v. *State*, No. M2005-01322-CCA-R3-PC, 2006 Tenn. Crim. App. LEXIS 228 (Tenn. Crim. App. Mar. 17, 2006), *perm. app. denied* (Tenn. June 26, 2006). This court determined that the trial court conducted a thorough plea colloquy and determined that the petitioner entered his plea freely and voluntarily.

This court stated that:

[T]he Petitioner failed to present any testimony, from medical experts or otherwise, at his post-conviction hearing that he was mentally incompetent when he entered his guilty pleas or had diminished capacity that would have negated the requisite culpable mental state for the crimes of which he was convicted.

The record contains a medical competency evaluation signed by Dr. Melinda Lafferty, Licenced Psychologist, and dated March 16, 2004, in which the Petitioner was found to be competent to stand trial and unqualified for the defense of insanity. This letter also stated that it is "recommended that [the Petitioner] continue with psychiatric treatment in order to maintain competency." The Petitioner testified that he did continue to take medication for his mental illness throughout the time leading up to and after the entry of his guilty pleas. Also, Trial Counsel testified that he noticed nothing about the Petitioner that would have indicated to him that he was anything

other than competent. Immediately after accepting the Petitioner's pleas of guilty, the trial court made the following statement for the record:

> Let the record show that the Court has determined that Mr. Beene has answered the question in an intelligent fashion, asked questions when appropriate, understood the explanation . . . .

*Craig Lamont Beene* v. *State*, 2006 Tenn.Crim.App. LEXIS 228, at *18-19. The Petitioner sought habeas corpus relief on similar grounds. *See Craig L. Beene v. State*, No. W2007-01748-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 129 (Tenn. Crim. App., Feb. 27, 2008), *perm. app. denied* (Tenn. June 2, 2008) where the court determined petitioner's claim attacking the voluntariness of a guilty plea was not cognizable in a habeas corpus proceeding because it would not render the judgment void. *See also Craig L. Beene v. State and Joe Easterling, Warden*, No. M2011-02666-CCA-R3-HC, 2013 Tenn. Crim. App. LEXIS 208 (Tenn. Crim. App., Mar. 8, 2013), *motion denied* (Tenn. June 19, 2013). The Petitioner also sought error coram nobis relief claiming that intimidation caused him to plead guilty. *See Craig Beene v. State*, No. M2012-01578-CCA-R3-CO, 2013 Tenn. Crim. App. LEXIS 328 (Tenn. Crim. App. 2013, *perm. app. denied* (Tenn. Aug. 14, 2013).

## ANALYSIS

Whether habeas corpus relief should be granted is a question of law. *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004). Therefore, our review is de novo with no presumption of correctness given to the lower court's judgment.

The grounds upon which habeas corpus relief is available are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). A petitioner is entitled to habeas corpus relief only if the petition establishes that the challenged judgment is void, rather than merely voidable. *Id.*; *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void "only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted). A void or illegal sentence is one whose imposition directly contravenes a statute. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A voidable conviction or sentence is valid on its face and requires evidence beyond the face of the record or judgment to demonstrate its invalidity. *Taylor*, 995 S.W.2d at 83 (citations omitted).

The Petitioner has failed to show the convicting court was without jurisdiction or

authority to sentence the Petitioner, or that his sentence of imprisonment or other restraint has expired. In addition, the Petitioner's claim attacking the voluntariness of a guilty plea was not cognizable in a habeas corpus proceeding because it would not render the judgment void. A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. Tenn. Code Ann. § 29-21-109; *Hickman*, 153 S.W.3d at 20.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court in the summary dismissal of the petition.

_____
JOE H. WALKER, III, SPECIAL JUDGE