IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2014

## MARK ALAN DEAKINS v. BRUCE WESTBROOKS, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 4659     Steve R. Dozier, Judge**

---

**No. M2013-02122-CCA-R3-HC - Filed August 7, 2014**

---

The petitioner, Mark Alan Deakins, filed a petition for a writ of habeas corpus, asserting that he had "flattened" his sentences for his convictions of especially aggravated sexual exploitation of a minor, sexual exploitation of a minor, and statutory rape. He alleged that the Tennessee Department of Correction improperly calculated his pretrial jail credits and sentencing credits. The habeas corpus court denied the petition, and the petitioner appeals. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and ROGER A. PAGE, JJ., joined.

Mark Alan Deakins, Chattanooga, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Brent C. Cherry, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The petitioner was originally charged with twenty-three counts of especially aggravated sexual exploitation of a minor, seven counts of sexual exploitation of a minor, four counts of sexual battery, and two counts of statutory rape. State v. Mark Alan Deakins, No. E2008-02761-CCA-R3-CD, 2010 WL 92535, at *1 (Tenn. Crim. App. at Knoxville, Jan. 11, 2010). On July 8, 2002, the petitioner pled guilty to one count of especially aggravated sexual exploitation of a minor, one count of sexual exploitation of a minor, and one count of statutory rape in exchange for the dismissal of the remaining charges. Id. Pursuant to the

plea agreement, the petitioner was sentenced to eight years, two years, and one year, respectively. Id. As a Range I, standard offender, the petitioner was eligible for release after serving thirty percent of his sentence. The trial court ordered the eight-year sentence and the two-year sentences to be served concurrently with each other but consecutively to the one-year sentence. Additionally, the court ordered the petitioner to serve the one-year sentence for statutory rape in jail, followed by eight years on supervised probation. Id. The judgments of conviction for especially aggravated sexual exploitation of a minor and for statutory rape reflect that the trial court awarded the petitioner pretrial jail credits for November 4, 1998, and from July 2, 2001, to July 8, 2002, for a total of 373 days.

In August 2004, July 2007, and April 2008, the petitioner unsuccessfully sought modification of the terms of his probation. Id. On May 14, 2008, a probation violation warrant was issued, alleging that the petitioner had violated the terms of probation on his eight-year sentence for especially aggravated sexual exploitation of a minor.[1] Id. At the conclusion of the revocation hearing,[2] the trial court revoked the eight-year probationary sentence and ordered the petitioner to serve the sentence in confinement. Id. at *7.

Thereafter, on August 5, 2013, the petitioner filed a petition for a writ of habeas corpus, alleging that he had "flattened" his eight-year sentence for especially aggravated sexual exploitation of a minor and had been released from the Tennessee Department of Correction (TDOC). He argued that the TDOC had failed to properly apply the 373 days of pretrial sentencing credits granted by the trial court and the ninety-six days of pretrial jail credits he had earned for good behavior.

The habeas corpus court dismissed the petition, and the petitioner appeals.

## II. Analysis

The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

---

[1]The petitioner's "one-year sentence for statutory rape and two-year sentence for sexual exploitation of a minor had expired by the filing of the probation violation warrant." Id. at *1 n.1.

[2]The petitioner alleges that the revocation hearing took place on December 10-12, 2008. However, nothing in the record verifies the date(s) of the revocation hearing.

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

We note that as a prerequisite to habeas corpus relief, a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004) (quoting Tenn. Code Ann. § 29-21-101). In his brief, the petitioner acknowledges that he "flatten[ed] his eight (8) year sentence on the especially aggravated sexual exploitation offense on November 21, 2013 and was released from the Tennessee Department of Correction." Our supreme court has held that "[h]abeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served." Summers, 212 S.W.3d at 257. Accordingly, the petitioner is not entitled to habeas corpus relief.

### III. Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE