
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## EDDIE A. MEDLOCK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Trousdale County**
**No. 16-CV-4566      John D. Wootten, Jr., Judge**

_____

### No. M2016-02460-CCA-R3-HC

_____

The Appellant, Eddie A. Medlock, is appealing the trial court's order denying his petition for a writ of habeas corpus. The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20. Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Eddie A. Medlock, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On January 24, 1997, the Appellant pled guilty to two separate counts of robbery, one count of aggravated assault, two separate counts of attempted aggravated kidnapping, and one count of coercion of a witness. The Appellant received an effective concurrent three-year sentence for all six convictions. The Appellant was subsequently convicted of two counts of aggravated rape and two counts of especially aggravated kidnapping. *State v. Eddie Medlock*, No. W2000-03009-CCA-R3-CD, 2002 WL 1549707 (Tenn. Crim. App. Jan. 16, 2002), *perm. app. denied* (Tenn. July 1, 2002). The Appellant was sentenced to sixty years on each count. *Id.* The sentences for the rape counts were ordered to run concurrently, as were the sentences for the kidnapping counts, but the

sentences for the rape and kidnapping convictions were ordered to run consecutively to each other for a total effective sentence of one hundred and twenty years. *Id.* On appeal, this Court reversed and dismissed one of the especially aggravated kidnapping convictions but affirmed the remaining convictions and sentence. *Id*. The Appellant's 1997 convictions were used to enhance the sentence for the subsequent convictions. The Appellant was unsuccessful in his pursuit of post-conviction relief on the subsequent convictions. *Eddie Medlock v. State*, No. W2015-02130-CCA-R3-PC, 2016 WL 6135517 (Tenn. Crim. App. Oct. 16, 2016), *perm. app. filed* (Dec. 21, 2016). The Appellant then filed the instant habeas corpus petition on November 7, 2016. The trial court summarily denied the same. This timely appeal ensued. In response to the brief filed by the Appellant, the State moves this Court to affirm the order of the trial court pursuant to Court of Criminal Appeals Rule 20. For the reasons stated below, we grant the State's motion.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief, and Tennessee Code Annotated Sections 29-21-101 *et seq.* codify the applicable procedure for seeking such a writ. The grounds upon which our law provides relief are very narrow, however. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record of the proceedings that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). More importantly, though, habeas corpus relief is available only to persons who are "imprisoned or restrained of liberty." Tenn. Code Ann. § 29-21-101(a). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing." *McLaney*, 59 S.W.3d at 93.

In his petition, the Appellant attacks the validity of the sentences imposed for his 1997 convictions. He contends concurrent sentencing was improper because he was on bond for three of the charges when he was arrested for committing the other three offenses. Thus, he argues he should have received consecutive sentencing instead. As the State aptly notes, the Appellant's sentences for the 1997 convictions have long since expired. Although those convictions were used to enhance the sentences for his subsequent offenses, he is no longer "imprisoned or restrained of liberty" on the 1997 convictions as those terms are applied in habeas corpus jurisprudence. Our Supreme Court has explained:

> [A] person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the

2

petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

*Hickman v. State*, 153 S.W.3d 16, 23 (Tenn. 2004). Use of the Appellant's prior convictions to enhance the subsequent sentences was "merely a collateral consequence" of the challenged convictions and does not provide sufficient grounds for habeas corpus relief. *See Benson v. State*, 153 S.W.3d 27, 32 (Tenn. 2004) (citing *Hickman*). Because the 1997 sentences expired before the Appellant filed the instant habeas corpus petition, he is not "imprisoned or restrained of liberty" by those convictions and thus not entitled to habeas corpus relief.

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
TIMOTHY L. EASTER, JUDGE