IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 4, 2025

## ANTONIO KENDRICK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Weakley County**
**No. 2024-CV-30    Jeff Parham, Judge**

_____

**No. W2025-00105-CCA-R3-HC**

_____

The pro se Petitioner, Antonio Kendrick, appeals the Weakley County Circuit Court's summary dismissal of his petition for writ of habeas corpus. Based on our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which J. ROSS DYER and STEVEN W. SWORD, JJ., joined.

Antonio Kendrick, Vienna, Illinois, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; and Colin Johnson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In 1992, the Petitioner, who was a member of the LeMoyne-Owen College track team, raped a female fellow-member of the team. *See State v. Kendrick*, No. 02-C-01-9604-CR-00121, 1997 WL 686266, at *1-2 (Tenn. Crim. App. Nov. 5, 1997), *perm. app. denied* (Tenn. July 13, 1998). The Shelby County Grand Jury indicted him for rape by coercion, a Class B felony, and a jury convicted him of the offense in 1995. The trial court sentenced him as a Range I, standard offender to ten years in confinement. This court affirmed the Petitioner's conviction and sentence on direct appeal and affirmed the post-conviction court's denial of his petition for post-conviction relief. *Kendrick v. State*, No. W1999-01789-CCA-R3-PC, 1999 WL 1531345, at *1 (Tenn. Crim. App. Dec. 27, 1999), *perm. app. denied* (Tenn. Jan. 16, 2001).

On March 14, 2007, the Petitioner, who was in confinement in Illinois, filed his first petition for writ of habeas corpus in the Shelby County Criminal Court. The Petitioner stated in the petition that although he had served his ten-year sentence for rape, he was seeking habeas corpus relief because his void conviction was used to enhance his Illinois sentence to life in confinement. The Petitioner asserted that his rape conviction was void because (1) the indictment did not provide him with adequate notice to prepare a defense at trial; (2) the State failed to elect an offense out of the three offenses presented to the grand jury, which denied him due process of law; and (3) the State failed to elect an offense at trial, which denied him the right to trial by jury. This court affirmed the habeas corpus court's summary dismissal of the petition, concluding that the Petitioner failed to adhere to the procedural requirements for habeas corpus petitions in Tennessee Code Annotated section 29-21-107(b)(2) in that his petition failed to include a copy of the allegedly void judgment of conviction. *Kendrick v. State*, No. W2007-00912-CCA-R3-HC, 2008 WL 450618, at *2 (Tenn. Crim. App. Feb. 19, 2008), *perm. app. denied* (Tenn. June 30, 2008).

Subsequently, the Petitioner filed a document in the Shelby County Criminal Court that the habeas corpus court treated as a new petition for writ of habeas corpus. *Kendrick v. State*, No. W2008-02808-CCA-R3-HC, 2010 WL 532824, at *1 (Tenn. Crim. App. Feb. 12, 2010), *no perm. app. filed*. In the document, the Petitioner asserted that his judgment was void because the trial court instructed the jury that he could commit the offense on a theory of rape that was not alleged in the indictment. *Id*. The habeas corpus court dismissed the petition because the petition failed to meet the statutory requirements for writ of habeas corpus and because the Petitioner's allegations made the judgment voidable, not void. *Id*. at *2. On appeal to this court, this court again affirmed summary dismissal of the petition because the Petitioner failed to include a copy of the judgment form as required by Tennessee Code Annotated section 29-21-107(b)(2). *Id*.

On September 19, 2024, the Petitioner filed the pro se petition for writ of habeas corpus that is the subject of this appeal.[1] He alleged in the petition that his judgment of conviction for rape was void because (1) the trial court constructively amended the indictment by instructing the jury on rape by force or coercion when the State indicted him for rape by coercion and (2) the State presented proof of three acts of penetration but failed to elect an offense, resulting in the absence of a unanimous jury verdict. The Petitioner attached multiple documents to his petition, including copies of his judgment of conviction,

---

[1] The Petitioner stated in the petition that it was his "third or fourth" petition for habeas corpus relief. However, based on the procedural history of the case set out in *Kendrick v. State*, No. W2010-02103-CCA-R3-HC, 2011 WL 1158564, at *1 (Tenn. Crim. App. Mar. 29, 2011), *perm. app. denied* (Tenn. Aug. 25, 2011), the current petition is his fifth petition for habeas corpus relief. The habeas corpus petition filed on March 17, 2010, is the only previous petition in the appellate record. The Petitioner was required to attach copies of all of his prior petitions to the current petition pursuant to Tennessee Code Annotated section 29-21-107(b)(4).

the written jury instructions at trial, and his first habeas corpus petition. On November 12, 2024, the habeas corpus court entered an order summarily dismissing the petition. In the order, the habeas corpus court noted that the Petitioner had served his ten-year sentence and that he was incarcerated in Illinois "for subsequent actions." The court found that the Petitioner was not entitled to relief because his claims would make his judgment voidable, not void. On appeal, the Petitioner challenges the dismissal of his petition.

## ANALYSIS

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). As a prerequisite to habeas corpus relief, a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004) (quoting Tenn. Code Ann. § 29-21-101). Additionally, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *see also* Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *Taylor*, 995 S.W.2d at 83. "A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). The determination of whether to grant habeas corpus relief is a question of law. *Id*. at 255. As such, we will review the trial court's findings de novo without a presumption of correctness. *Id*. It is the Petitioner's burden to demonstrate by a preponderance of the evidence "that the sentence is void or that the confinement is illegal." *Wyatt*, 24 S.W.3d at 322.

Here, the Petitioner's ten-year sentence, which was imposed in 1995, has long expired. Although he is serving a life sentence in Illinois, our supreme court has concluded that "when the restraint on a petitioner's liberty is merely a collateral consequence of the challenged judgment, habeas corpus is not an appropriate avenue for seeking relief." *Hickman v. State*, 153 S.W.3d 16, 23 (Tenn. 2004). Therefore, as this court has previously recognized, the Petitioner is not "imprisoned or restrained of liberty" as required by Tennessee Code Annotated section 29-21-101(a). *Kendrick v. State*, No. W2010-02103-CCA-R3-HC, 2011 WL 1158564, at *2 (Tenn. Crim. App. Mar. 29, 2011), *perm. app. denied* (Tenn. Aug. 25, 2011).

Furthermore, as noted by the State, neither of the Petitioner's claims are cognizable grounds for habeas corpus relief. This court has specifically rejected a habeas corpus petitioner's claim that the trial court constructively amended the indictment by instructing the jury on alternate theories of the offense that were not alleged in the indictment because

erroneous jury instructions would, at most, render a judgment voidable, not void. *Davis v. Carlton*, No. E2007-01279-CCA-R3-HC, 2008 WL 299067, at *4 (Tenn. Crim. App. Feb. 4, 2008), *perm. app. denied* (Tenn. Apr. 28, 2008). Likewise, this court has specifically rejected a habeas corpus petitioner's claim that a trial court's failure to require an election of offenses violated the petitioner's right to a jury verdict because "'a challenge that may implicate jury unanimity or election renders a judgment merely voidable and not void.'" *Zukowski v. Phillips*, No. W2019-00575-CCA-R3-HC, 2019 WL 4257011, at *3 (Tenn. Crim. App. Sept. 9, 2019) (quoting *Dunn v. Carlton, Warden*, No. E2007-00355-CCA-R3-HC, 2007 WL 2458781, at *2 (Tenn. Crim. App. Aug. 30, 2007), *perm. app. denied* (Tenn. Dec. 17, 2007)) *perm. app. denied* (Tenn. Jan. 17, 2020). Accordingly, for all these reasons, the Petitioner is not entitled to relief.

## CONCLUSION

Upon review, we affirm the judgment of the habeas corpus court.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE

- 4 -