IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 11, 2026

## KENNETH LEE CROSS v. A.W. HUGGINS, ACTING WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 2025-CV-5176  Michael Wayne Collins, Judge**

———————————————————

### No. M2025-00739-CCA-R3-HC

———————————————————

The Petitioner, Kenneth Lee Cross, appeals as of right from the Trousdale County Circuit Court's summary denial of his petition for writ of habeas corpus.  He argues that his probation was revoked at a January 4, 2023 "furlough termination" hearing without counsel and without a valid waiver, rendering the judgment void.  The habeas corpus court denied relief, finding noncompliance with statutory filing requirements and concluding the petition failed to state a cognizable habeas corpus claim.  Based on our review, we affirm the habeas corpus court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

Kenneth Lee Cross, Hartsville, Tennessee, Pro se.

Jonathan Skrmetti, Attorney General and Reporter; and Park Huff, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The record reflects that the Petitioner received an effective twenty-year probationary sentence in Rutherford County case numbers 62085 and 62086.  On April 5, 2022, the Circuit Court, Judge James A. Turner, revoked probation in full after finding multiple felony convictions during the probationary term but granted the Petitioner a furlough to Stones River Recovery for a ninety-day drug treatment program, with the possibility of a later suspended sentence upon successful completion.  The Petitioner was

dismissed from the program and admitted to leaving early. At a January 4, 2023 hearing, the court ordered the original twenty-year sentence into effect.

On April 16, 2025, the Petitioner filed a habeas corpus petition alleging denial of counsel at the furlough termination hearing and asserting he requested representation before, during, and after the proceeding. The Petitioner attached the furlough termination order but did not include the underlying Rutherford County judgments. The habeas corpus court summarily denied relief, citing noncompliance with filing requirements and the absence of a cognizable habeas claim. The Petitioner filed a timely notice of appeal.[1]

## ANALYSIS

### I. Applicable Law and Standard of Review

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). As a prerequisite to habeas corpus relief, a petitioner "must be 'imprisoned or restrained of liberty' by the challenged convictions." *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004) (quoting Tenn. Code Ann. § 29-21-101). Additionally, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *see also* Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *Taylor*, 995 S.W.2d at 83. "A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). The determination of whether to grant habeas corpus relief is a question of law. *Id*. at 255. As such, we will review the trial court's findings de novo without a presumption of correctness. *Id*. It is the Petitioner's burden to demonstrate by a preponderance of the evidence "that the sentence is void or that the confinement is illegal." *Wyatt*, 24 S.W.3d at 322.

### II. Issues

#### A. Statutory Noncompliance

---

[1] When the Petitioner filed his brief, he included an attachment that consisted of a transcript of his furlough revocation hearing. The State filed a motion to strike because this transcript was not included in the original petition or considered by the habeas corpus court when the Order dismissing the petition was entered. Documents attached to a brief that are not part of the technical record are not part of the record on appeal. *State v. Matthews*, 805 S.W. 2d 776, 783-84. (Tenn. Crim. App. 1990). The attached transcript will not be considered by this court.

- 2 -

Tennessee Code Annotated section 29-21-107(b)(2) mandates that a habeas corpus petitioner attach "a copy" of the legal process giving rise to the restraint "or a satisfactory reason given for its absence." The Petitioner attached the January 2023 furlough termination order but failed to include copies of the Rutherford County judgments he seeks to attack—or any satisfactory explanation for their absence. The statute's requirements are "mandatory and must be followed scrupulously," and summary dismissal is appropriate for noncompliance. *Archer v. State*, 851 S.W. 2d 157, 165 (Tenn. 1993). The habeas corpus court did not err in denying the petition on this ground.

### B. Cognizability of the Right-to-Counsel Claim in Habeas Corpus

Even assuming the Petitioner appeared without counsel and did not execute a valid waiver under Tennessee Rule of Criminal Procedure 44, a denial-of-counsel claim renders a judgment voidable, not void, and therefore is not cognizable in habeas corpus. *See Benson v. State*, No. W2018-00967-CCA-R3-HC, 2019 WL 1388195, at *2 (Tenn. Crim. App. Mar. 26, 2019), *(no perm. app. filed)*; *Williams v. Howerton*, No. E2012-00932-CCA-R3-HC, 2012 WL 4767213, at *2 (Tenn. Crim. App. Oct. 8, 2012), *(no perm. app. filed)*. The State argues, and we agree, that the Petitioner's allegations, if true, should have been pursued via direct appeal, not a writ of habeas corpus.

### C. Scope and Timeliness

To the extent the Petitioner attempts to challenge the underlying probation revocation or furlough termination on the merits, those issues are beyond the scope of this habeas corpus appeal and are untimely under Tennessee Rule of Appellate Procedure 4(a), which requires that a notice of appeal "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" The Petitioner's notice of appeal specifies only the denial of habeas corpus relief; we decline to consider new or untimely claims regarding the revocation itself.

### <u>CONCLUSION</u>

Because (1) the petition failed to comply with Tenn. Code Ann. § 29-21-107(b)(2), and (2) the asserted denial-of-counsel claim is not cognizable in habeas corpus, the habeas corpus court properly denied relief. The judgment of the Trousdale County Circuit Court is affirmed.

s/ JOHN W. CAMPBELL
JOHN W. CAMPBELL, SR., JUDGE